**Suzan Gail LEFFEL and Susan Ann Pranke, Plaintiffs,**

v.

**WISCONSIN INTERSCHOLASTIC ATHLETIC ASSOCIATION et al., Defendants.**

**No. 75–C–174.**

United States District Court, E. D. Wisconsin.

June 25, 1975.

Edhlund & Bales by Sara Joan Bales, Milwaukee, Wis., for plaintiffs.

Peickert, Anderson, Fisher & Shannon by Thomas W. Bertz, Stevens Point, Wis., for WIAA & Roberts.

Morris, Vauden, Heuvel & Basten by William F. Morris, DePere, Wis., for Growt.

Condon & Hanaway by Donald J. Hanaway, Green Bay, Wis., for other defendants.

Bronson C. LaFollette Atty. Gen. by John W. Calhoun, Madison, Wis., for Barbara Thompson, Supt. of Public Instruction.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants WIAA and John E. Roberts have moved to dismiss this action. They contend that the absence of "state action" deprives the court of jurisdiction over the matter; that jurisdiction over the subject matter is missing because the claim does not arise under the Constitution, laws or treaties of the United States; that participation in interscholastic athletic activities is a privilege outside the protection of the law; and also that this is not

a valid class action. In my opinion, this motion may not be granted.

The movants rely upon *Doe v. Bellin Memorial Hospital,* 479 F.2d 756 (7th Cir. 1973), to support their contention that the absence of "state action" is fatal to the plaintiffs' complaint. In the latter case, the court determined that the receipt by Bellin Memorial Hospital of Hill-Burton funds did not convert the conduct of the otherwise private hospital into "state action." In the case at bar, there would appear to be a far more direct influence upon the school's athletic programs by the WIAA than there was over the hospital's policies by reason of the hospital's receipt of Hill-Burton funds. I believe it is clear that the defendants in the case at bar are functioning "under color of" state law within the meaning of § 1983.

Even though in a separate order I have granted the motion of the state superintendent of public instruction dismissal as to her, I am persuaded that the complaint demonstrates sufficient "state action" to withstand the instant motion to dismiss. In Lucas v. Wisconsin Electric Power Co., 466 F.2d 638, 654–6 (7th Cir. 1972), the court stated:

> "The 'under color of' provision encompasses only such private conduct as is supported by state action. That support may take various forms, but it is quite clear that a private person does not act under color of state law unless he derives some 'aid, comfort, or incentive,' either real or apparent, from the state. Absent such affirmative support, the statute is inapplicable to private conduct.

> "We believe that affirmative support must be significant, measured either by its contribution to the effectiveness of defendant's conduct, or perhaps by its defiance of conflicting national policy, to bring the statute into play."

I find no merit in the other grounds advanced by these movants to support their application for dismissal.

Therefore, it is ordered that the motion of the defendants WIAA and John E. Roberts for dismissal be and hereby is denied.